IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LAKIEVIA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-297 |
| | ) | |
| BARBARA SMART and JEREMY CURD, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

Before the Court is *pro se* Plaintiff's "Emergency Motion for Clarification and Judicial Guidance Regarding Service Requirements," in which she requests clarification about the Court's May 4, 2026 Order.  (See doc. no. 16.)  She also seeks the Court's recommendations about alternative service methods.  As explained below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.

In its May 4th Order, the Court denied without prejudice Plaintiff's request to serve Defendants by publication pursuant to O.C.G.A. § 9-11-4(f)(1)(A).  (See doc. no. 15.)  The Court explained the three elements required to allow service by publication under Georgia law and concluded Plaintiff failed to satisfy the first element relating to due diligence.  (Id. at 1-4.) The Court reasoned Plaintiff had not attached an affidavit, as the Georgia statute requires, and even considering the "proof of service" forms attached to the motion, the described service attempts did not show due diligence because Plaintiff had not "purs[ed] every available channel of information."  (Id. at 2-4 (quoting Parrish v. RoundPoint Mortg. Servicing Corp.,

No. 4:17-CV-136, 2017 WL 4366734, at *2 (M.D. Ga. Sept. 29, 2017) (citations omitted).)  In plain terms, the Court found Plaintiff had not undertaken sufficiently diligent efforts to warrant service by publication.  (See doc. no. 15.)

Upon consideration, the Court **GRANTS** Plaintiff's request for the Court to clarify the portion of its May 4th Order concerning the affidavits.  In its Order, the Court concluded the attached "Proof of Service" forms were not "proper affidavits."  (Id. at 3.)  "Due diligence is generally demonstrated by an affidavit."  Universal Servs. of Am., LP v. Allied Universal Sec. Servs. Universal Prot. Servs. LP, No. 1:22-CV-3421, 2022 WL 23023959, at *1 (N.D. Ga. Nov. 29, 2022) (quoting In Interest of A.H., 795 S.E.2d 188, 189 (Ga. Ct. App. 2016)).  Here, Plaintiff attached two AO Form 440s signed by a process server to her motion to serve by publication.  (Doc. no. 14, pp. 4-5.)  Neither form identifies itself as an affidavit or otherwise uses this term.  (See id.)  However, the information contained in each executed Form 440 has been declared true under penalty of perjury, and each form has been notarized.  (See id.)  Georgia courts accept sworn evidence for purposes of establishing due diligence to warrant service by publication.  See Abba Gana v. Abba Gana, 304 S.E.2d 909, 910 (Ga. 1983) (acknowledging witness's sworn testimony).  Based on the foregoing, the Court overstated its conclusion that the attached "Proof of Service" forms were not proper affidavits, as they fulfill the same function of providing sworn evidence.  By way of this Order, the Court accordingly corrects this error in the May 4th Order and recognizes the attached forms properly provide sworn evidence.  (Doc. no. 15, p. 3.)

But this clarification does not alter the conclusion that Plaintiff failed to establish due diligence because the Court nonetheless considered the information shared in the attachments as true and found they did not sufficiently show diligence.  (Doc. no. 15, p. 4.)  In her motion

2

for clarification, Plaintiff also seeks further guidance about how to prove due diligence and asks several specific questions, including whether there are specific observations the Court finds currently lacking and whether neighbor interviews are mandatory.  (Doc. no. 16, p. 3.) The Court **GRANTS** the general request for clarification but declines to answer Plaintiff's fact-specific questions.

As the May 4th Order explains, to establish due diligence for purposes of warranting service by publication, Plaintiff must show that she "purs[ed] every available channel of information."  (Doc. no. 15, pp. 2-3 (quoting Parrish, No. 4:17-CV-136, 2017 WL 4366734, at *2.  In her motion for publication, Plaintiff recounted eight unsuccessful service attempts at the same address over the course of eleven days.  (See doc. no. 14.)  But she did not describe how she discerned this address was Defendant's last known address.[1]  (See id.)  Further, personal service is not restricted to the home, and there was no discussion of any attempts to serve Defendants at another location.  There are also other available channels of information Plaintiff can pursue to determine Defendants' whereabouts, like neighbor interviews or searches of publicly available records, which Plaintiff has not pursued.

Accordingly, should she choose to renew her motion for publication, Plaintiff should recount by affidavit or other sworn evidence in accordance with O.C.G.A. § 9-11-4(f)(1)(A) the following information, which includes but is not necessarily limited to:  (1) all personal service attempts on Defendants, including dates and location, (2) all investigative efforts undertaken to identify Defendants' last known address, and (3) all investigative efforts

---

[1] The Court is aware Defendants were previously served at this address, (doc. no. 5), and Plaintiff claims five of the six pieces of certified mail she sent to this address has been received, (doc. no. 16, pp. 3, 6-7).  But time has passed since Plaintiff served the original complaint on Defendants, and there is nothing to indicate who received the certified mail, much less that it was Defendants.

undertaken to determine other relevant locations for Defendants. The Court advises Plaintiff there is no "magic formula," such as a certain number of persons contacted or inquiries made, for establishing due diligence, as due diligence is a fact-intensive inquiry particular to the circumstances of each individual case.

Finally, as to Plaintiff's solicitation for guidance on the Court's recommendations for alternative service alternatives, the Court **DENIES** this request. In short, she seeks legal advice. However, the Court does not provide litigants with legal advice because it does not have a "license to serve as de facto counsel for a party." In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000); see also Foster v. Author Success Publishing, No. 2:25-cv-545, 2025 WL 3022296, at *2 (M.D. Ala. Oct. 29, 2025) (explaining "'[t]he court is not [Plaintiff's] attorney and cannot provide legal advice,' even to *pro se* litigant").

As set forth above, Plaintiff's "Emergency Motion for Clarification and Judicial Guidance Regarding Service Requirements" is **GRANTED IN PART** and **DENIED IN PART**. (Doc. no. 16.)

SO ORDERED this 15th day of May, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4